IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-340-BO

| | | |
|---|---|---|
| ANA J. RIVERA CORREA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. [DE 23, 24]. A hearing was held on these matters before the undersigned on January 13, 2022, at Raleigh, North Carolina.[2] For the reasons discussed below, plaintiff's motion for summary judgment is denied and defendant's motion for judgment on the pleadings is granted.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed her application on September 21, 2016, alleging disability beginning April 24, 2003. Plaintiff's alleged onset date was later amended to October 21, 2015. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel appeared via videoconference.

the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since her application date at step one, the ALJ found at step two that plaintiff had severe impairments – back and shoulder arthralgia, asthma, degenerative disc disease of the cervical spine, cervical radiculopathy, gastroesophageal reflux disease (GERD), obesity, depression, and anxiety – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ found that plaintiff could perform light work with a number of exertional and nonexertional limitations. The ALJ found at step four that plaintiff could not perform her past relevant work as a hand packager. The ALJ found at step five, however, that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, specifically housekeeping cleaner, cafeteria attendant, and

3

photocopy machine operator. Accordingly, the ALJ found plaintiff not to be disabled as of the date of her decision.

Plaintiff raises two assignments of error. First, plaintiff contends that the ALJ's analysis of the medical opinion evidence is contrary to law and not supported by substantial evidence. Second, plaintiff contends that the ALJ erred in failing to identify and resolve the apparent conflicts between the vocational testimony and the Dictionary of Occupational Titles, which resulted in a decision contrary to law and not supported by substantial evidence.

Specifically as to the first assignment of error, plaintiff contends that the ALJ improperly rejected evidence from an agency expert, Dr. Locklear, based upon the lack of treatment history and that Dr. Locklear's opinion demonstrates greater "hand use" limitations than the RFC. At the hearing before the undersigned, plaintiff focused on the ALJ's finding that plaintiff could reach bilaterally overhead occasionally, arguing that it is unsupported by the record and that the ALJ failed to make a logical bridge between the evidence and the RFC.

In January 2017, Dr. Locklear conducted a consultative examination of plaintiff and opined that plaintiff would need moderate limitations in lifting and carrying as well as severe limitations in reaching, handling, feeling, or grasping. Tr. 641. The ALJ's RFC finding included that plaintiff could engage in frequent bilateral handling and fingering and occasional bilateral reaching. Tr. 241. The ALJ afforded Dr. Locklear's opinion limited weight because it did not provide a function-by-function analysis regarding the impacts of plaintiff's impairments on her ability to perform basic work activities. Indeed, Dr. Locklear provided no narrative explanation at all as to why he imposed the restrictions that he did and what "severe" limitations would mean. This is sufficient to discount the weight of his opinion. *See, e.g., Dunn v. Colvin,* 607 F. App'x 264, 268 (4th Cir.

2015). In arriving at her RFC, the ALJ noted that plaintiff suffered a workplace injury in 2001 but that objective findings showed mild to moderate changes in her cervical spine and shoulder. Physical exams showed good range of motion, no weakness, and only occasional radicular pain. Finally, plaintiff was prescribed conservative care in the form on non-opioid pain medication and physical therapy. Tr. 248.

Dr. Locklear noted that plaintiff had limited forward elevation in her shoulders on exam. Tr. 643. However, the ALJ's RFC finding as to overhead reaching is supported by substantial evidence, including the evidence cited above. As the ALJ found, plaintiff's physical exam in 2015 showed normal range of motion in her upper extremities and plaintiff's "physical exams essentially remained unchanged for a prolonged period thereafter." Tr. 243. In sum, substantial evidence supports the ALJ's treatment of Dr. Locklear's opinion and her RFC finding.

The ALJ further did not err regarding any conflicts between the vocational testimony and the Dictionary of Occupational Titles (DOT). Plaintiff argues that the DOT description of the jobs identified by the vocational expert (VE) conflicts with the proper RFC because each job requires frequent handling, fingering, and reaching. In *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit held that remand was appropriate where the ALJ had not explained an apparent conflict between the VE's testimony and the DOT.

As discussed above, the ALJ's decision that plaintiff could engage in frequent handling and fingering is supported by substantial evidence, and thus there is no conflict with the DOT as to those activities. Although there is an apparent conflict between the DOT and plaintiff's limitation to only occasional overhead reaching, the ALJ resolved the conflict by expressly questioning the VE. The VE responded that the DOT did not address reaching in a specific

direction, but that the VE's testimony that the jobs identified could be performed with plaintiff's RFC was "based on [her] professional experience, education, and training." Tr. 288. There is no *Pearson* error and the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for summary judgment [DE 23] is DENIED and defendant's motion for judgment on the pleadings [DE 24] is GRANTED.

SO ORDERED, this ___3___ day of February 2022.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6